|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | IN THE UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

JACK MAJEWSKI,

    Plaintiff,                    No. CIV 09-2887 WBS KJM

   vs.

PRISM RESOLUTIONS,

    Defendant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for default judgment was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant on December 8, 2009. <u>Compare</u> <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has not filed an answer. The clerk of the court entered default against defendant on February 8, 2010. Notice of the entry of default as well as plaintiff's present motion for entry of default judgment were served by mail on defendant at his last known address. Defendant filed no opposition to the motion for entry of default judgment.

/////

1

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of damages and attorneys' fees requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations that preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED, and that plaintiff be awarded $4,890.80[1] in statutory damages, attorneys' fees and costs.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties

/////

/////

/////

---

[1] Counsel requested .6 hours at $250 an hour for appearance at the hearing on the motion for default judgment. The amount requested has accordingly been reduced by $150 due to the matter's being submitted on the papers.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 210.

006/majewski.def

_____
U.S. MAGISTRATE JUDGE